WALTER C. ANDERSON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Anderson v. Comm'r
Docket No. 20364-07
United States Tax Court
2009 U.S. Tax Ct. LEXIS 43; June 2, 2009, Decided
Anderson v. Comm'r, T.C. Memo 2009-44, 2009 Tax Ct. Memo LEXIS 45 (T.C., 2009)
*43 OF COUNSEL: THOMAS R. THOMAS, Division Counsel, (Small Business/Self-Employed).
NANCY B. ROMANO, Area Counsel, (Small Business/Self-Employed:Area 2).
TIMOTHY B. HEAVNER, Associate Area Counsel, (Small Business/Self-Employed).
Judge Gustafson.
Gustafson
MOTION TO SEVER
RESPONDENT MOVES, pursuant to Tax Court Rule 50(a), that the Court sever the years 1995, 1996, and 1997 from this case.
IN SUPPORT THEREOF, respondent respectfully states:
1. The notice of deficiency in this case determined deficiencies in income tax and fraud penalties for the taxable years 1995 through 1999, all of which are in dispute.
2. On February 24, 2009, the Court granted respondent's motion for summary judgment on the fraud penalty and on the existence of some deficiency based on collateral estoppel for each of the years 1998 and 1999, but denied the motion as to 1995, 1996, and 1997.
3. Because of the similarity of facts and issues with respect to the fraud penalty as between the years 1995 through 1997 and the years 1998 and 1999, it would be necessary for respondent to present the entire fraud case in order to support the penalty (and therefore the tax) determinations for 1995 through 1997, which substantially complicates *44 and lengthens the evidence required to be presented in this case.
4. The amounts of tax, penalty, and therefore accruals, for 1998 and 1999, for which the Court has already granted summary judgment on the fraud issue, constitute approximately 80 percent of the total such amounts in dispute for the five year period covered by the notice of deficiency.
5. In relation to the amount of restitution involved in the criminal prosecution, the potential recovery of tax, penalty, and interest for 1998 and 1999 alone are sufficient to vindicate the governmental interests represented by the criminal prosecution.
6. Petitioner has requested access to voluminous "files from the criminal investigation and prosecution that are arguably necessary to him only if the fraud issue is to be tried. To the extent that a portion of such files proves relevant to the underlying tax issue, that portion should be much smaller than if the fraud issue remains in the case.
7. Petitioner's incarceration presents substantial logistical problems regarding document production and petitioner's ability to retain and review documents. These logistical problems greatly complicate the discovery and stipulation process to a degree *45 that a trial will be significantly delayed if the fraud issue for 1995 through 1997 is pursued.
8. In order to eliminate the need for a trial of the fraud issue, to avoid unnecessary inconvenience to a substantial number of third party witnesses, to minimize discovery issues, and to narrow the issue for trial to the amounts of the deficiencies for 1998 and 1999, respondent has decided to concede all tax and penalty issues for 1995, 1996, and 1997, and wishes to file a motion for entry of decision as to those years.
9. No overpayment has been alleged by petitioner with respect to any of the years in issue.
10. The entry of a decision for 1995, 1996, and 1997 will facilitate the abatement of the jeopardy assessments for those years.
11. In order to enter a decision for part of the years involved in this case it is necessary to sever those years from the remainder of the case.
12. Petitioner has advised respondent that he does not object to the granting of this motion.
WHEREFORE, respondent requests that this motion be granted.
CLARISSA C. POTTER
Acting Chief Counsel
Internal Revenue Service
/s/ John C. Mcdougal
JOHN C. MCDOUGAL
Special Trial Attorney
(Small Business/Self-Employed)
Tax Court Bar No. *46 MJ0560
Main Street Centre
600 East Main Street
Suite 1601
Richmond, VA 23219-2430
Telephone: (804) 916-3942
Date: 6-2-09