WALTER C. ANDERSON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent,
Anderson v. Comm'r
Docket No. 20364-07.
United States Tax Court
2009 U.S. Tax Ct. LEXIS 42; June 12, 2009, Decided
Anderson v. Comm'r, 2009 U.S. Tax Ct. LEXIS 43 (T.C., June 2, 2009)
*42 David Gustafson, Judge.
David Gustafson
ORDER
In this deficiency case involving five taxable years--1995 through 1999--the Court's opinion of February 24, 2009, granted respondent's motion for partial summary judgment as to the two later years 1998 and 1999 but denied it as to the three earlier years 1995 through 1997. In a motion to sever filed June 3, 2009, respondent states that he "has decided to concede all tax and penalty issues for 1995, 1996, and 1997, and wishes to file a motion for entry of decision as to those years". To that end, respondent moves to sever the three earlier years from the case. We will deny the motion but will facilitate respondent's concession.
The Tax Court's Rules contain no analogue to Fed. R. Civ. P. 54(b), which allows entry of judgment on a distinct claim within a multiple-claim lawsuit. Rather, entry of decision by the Tax Court on one year in a deficiency case involving multiple tax years would require (consistent with respondent's motion) the severance of the year from the' existing case, the creation of a new case under a new docket number, and the duplication of the papers in the existing case for the creation of a record for the new case.
There might *43 be circumstances in which this clerical effort would be justified (e.g., where a party intended to appeal an adverse decision as to one of the years in the suit), but the Court does not perceive any such circumstances in the present case. Rather, the final decision that will eventually be entered in this case as a whole will reflect respondent's concession of the three years 1995 through 1997 and will include a decision in petitioner's favor for those years. If circumstances later change, then a motion to sever could be filed at that time. If the parties believe that this order does not sufficiently reflect respondent's concession, then they could file a stipulation as to settled issues stating those concessions in the manner they prefer.
In view of the foregoing, it is
ORDERED that respondent's motion to sever filed June 3, 2009, is denied without prejudice to the later filing of such motion if circumstances change. It is further
ORDERED that the Court takes notice of respondent's concession of all tax and penalty issues for 1995, 1996, and 1997 and will reflect, that concession in its eventual entry of decision in this case.
/s/ David Gustafson
David Gustafson
Judge
DATED: June 12, 2009
Washington, *44 D.C.